McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814-2322
Telephone: (916) 554-2760

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and DAVID PALMER, Revenue Officer, Internal Revenue Service,<br><br>Petitioners,<br><br>v.<br><br>ANTHONY ELKINS and ALICE WIGHT,<br><br>Respondents. | 2:08-mc-00005-FCD-GGH<br><br>**FINDINGS & RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT**<br><br>Taxpayer: NIRVANA PROFESSIONAL RESOURCES UA |

This matter came before me on March 20, 2008, under the Order to Show Cause filed January 16, 2008, and sufficiently served on respondents in February 2008. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer David Palmer was present. Respondent Alice Wight appeared in person; respondent Anthony Elkins did not appear. Repondents filed a so-called "Answer" on February 4, 2008, within the time to file opposition to the petition. That paper did not present any opposition of substance.

The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce two administrative summons (Exhibit A to the petition) in aid of Revenue Officer Palmer's investigation to determine the existence and amounts of tax

1  liabilities, if any, related to Nirvana Professional Resources UA, and specifically for
2  Employer's Quarterly Federal Tax Returns for the periods ending March 31, 2002, June
3  30, 2002, September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003,
4  September 30, 2003, December 31, 2003, March 31, 2004,  June 30, 2004, September 30,
5  2004, and December 31, 2004; and for Employer's Annual Unemployment Tax Returns
6  for the years ending December 31, 2002, December 31, 2003, and December 31, 2004.
7  Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to
8  be proper.  Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) (26
9  U.S.C.).

10       On the merits, the Order to Show Cause shifted to respondents the burden of
11 rebutting petitioners' showing that they satisfied the four requirements of <u>United States v.</u>
12 <u>Powell</u>, 379 U.S. 48, 57-58 (1964).  I have reviewed the petition and documents in
13 support, and the written answer.  Based on the uncontroverted petition with its
14 verification by Revenue Officer Palmer, and the entire record, I make the following
15 findings:

16       (1) The summonses issued by Revenue Officer David Palmer to respondents
17 Anthony Elkins and Alice Wight, on April 18, 2007, seeking testimony and production of
18 documents and records in respondents' possession regarding Nirvana Professional
19 Resources UA, were issued in good faith and for a legitimate purpose under I.R.C.
20 § 7602, that is, to determine the existence and amounts of tax liabilities for Employer's
21 Quarterly Federal Tax Returns for the periods ending March 31, 2002, June 30, 2002,
22 September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, September 30,
23 2003, December 31, 2003, March 31, 2004,  June 30, 2004, September 30, 2004, and
24 December 31, 2004; and for Employer's Annual Unemployment Tax Returns for the
25 years ending December 31, 2002, December 31, 2003, and December 31, 2004.
26       (2) The information sought is relevant to that purpose.
27       (3) The information sought is not already in the possession of the Internal Revenue
28 Service.

     (4) The administrative steps required by the Internal Revenue Code have been followed. In particular, the legal authority of petitioner Palmer to issue IRS summonses is not rebutted.

     (5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

     (6) The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

     (7) The burden shifted to respondents, Anthony Elkins and Alice Wight, to rebut that prima facie showing.

     (8) Despite written answer, and despite respondent Alice Wight's appearance at the hearing, respondent Wight presented no meritorious argument or evidence to rebut the prima facie showing.

     (10) Despite sufficient service and actual notice, respondent Anthony Elkins failed to appear at the hearing and presented no meritorious argument or evidence to rebut the prima facie showing.

     I therefore recommend that the IRS summonses issued to respondents, Anthony Elkins and Alice Wight, be enforced, and that respondents be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95814, before Revenue Officer David Palmer or his designated representative, on the twenty-first day after the filing date of the summons enforcement order, or at a later date and time to be set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California. Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy

on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

The Clerk shall serve this order and future orders by mail to Mr. Anthony Elkins and Ms. Alice Wight, at 2685 Plumbago Court, Rocklin, CA 95677.

It is SO ORDERED.

DATED: 04/03/08                    /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

elkins.fr